UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NIA I. THICKLIN,<br><br>    Plaintiff,<br><br>v.<br><br>TRANS UNION LLC and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendants. | CASE NO. 1:21-cv-02826 |

## COMPLAINT

**NOW COMES** NIA I. THICKLIN ("Plaintiff"), by and through her undersigned counsel, complaining of Trans Union LLC, and Experian Information Solutions, Inc. (collectively, "Defendants"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq*.

2. Congress passed the FCRA to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 52, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007).

## JURISDICTION AND VENUE

3. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1).

## PARTIES

1

5. Plaintiff is a natural person, over 18-years-of-age, at all times relevant resided in the State of Georgia.

6. TransUnion LLC ("Trans Union") is a Delaware limited liability corporation with its principal place of business located in Chicago, Illinois.

7. TransUnion is engaged in the business of compiling and maintaining files on consumers for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

8. TransUnion regularly does business in Georgia.

9. Experian Information Solutions, Inc. ("Experian") has a principal place of business located in Chicago, IL.

10. Experian is engaged in the business of compiling and maintaining files on consumers for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

## FACTUAL ALLEGATIONS

11. In August 2018, Plaintiff acquired a debt consolidation loan from NC Financial Solutions, LLC d/b/a Net Credit ("Net Credit") for approximately $10,000 ("subject account").

12. From August 2018 through the present, Plaintiff timely made all payments that became due on the subject account.

13. In early 2020, Plaintiff discovered that the subject account was reporting inaccurately on her TransUnion and Experian credit reports.

14. Specifically, TransUnion, and Experian were reporting the subject account in a 60-day late status.

15. After discovering the inaccurate reporting of the subject account, Plaintiff repeatedly disputed the reporting of the subject account directly with Net Credit.

16. Despite the repeated disputes, Net Credit did not correct the inaccurate reporting of the subject account.

### Plaintiff's April 2020 Disputes

17. On April 20, 2020, after realizing the futility of disputing the reporting of the subject account with Net Credit, Plaintiff sent written correspondences to TransUnion and Experian disputing the inaccurate reporting of the subject account.

18. Plaintiff's disputes to Defendants stated, in pertinent part:

> The purpose of my correspondence is to request a "REMOVAL OF TWO INACCURATE LATE FEES.". . .For the last three years, I've kept every last one of my payments current. . .I'm praying that you will investigate why this late-payment occurred and remove **both negative 30 day lates for 3-1-20 & 3-15-20** associated with [the Net Credit] account from my three credit reports.

19. Plaintiff enclosed proof of her Western Union payments and payment schedules in her disputes to Defendants. The enclosed proof established that Plaintiff never missed a payment on the subject account.

20. Both TransUnion and Experian declined to change the inaccurate reporting information on Plaintiff's credit reports.

### Plaintiff's August 2020 Disputes

21. On August 26, 2020, Plaintiff again sent written correspondences to TransUnion and Experian disputing the inaccurate reporting of the subject account.

22. Plaintiff's disputes to Defendants stated, in pertinent part:

> I'm EXHAUSTED, extremely disappointed that NetCredit has reported inaccurate items on my credit report. . .For the last three years I've kept every last one of my payments current. . .**I was told that my July payment wasn't recorded at all and they processed the payment for AUGUST incorrectly.** I

3

> was also promised that the LATES would be REMOVED from my profile. . .I'm praying that you will investigate why this late-payment occurred and remove **these negative 30 day lates** associated with this account from my three credit reports.

23. Plaintiff enclosed in her disputes to Defendants proof the last ten completed payments that established that she never missed a payment on the subject account.

24. Again, TransUnion and Experian declined to change the inaccurate reporting information on Plaintiff's credit reports.

### Plaintiff's December 2020 Disputes

25. In December 2020, Plaintiff sent written correspondences to TransUnion and Experian disputing the inaccurate reporting of the subject account once more.

26. Plaintiff's disputes to Defendants stated, in pertinent part:

> Please update my Balance with [the Net Credit] account. This is the 2nd time that I have made this request. . .There should be a law that requires **CREDIT BUREAUS** to confirm the information **BEFORE** recklessly adding it to my credit report.

27. This time, Plaintiff included a copy of her Net Credit balance sheet showing no late payments and her account being current.

28. On January 18, 2021, TransUnion again sent correspondence to Plaintiff stating that the information reported was accurate and would not be changed.

29. On January 20, 2021, Experian sent correspondence to Plaintiff stating that the information reported was accurate and would not be changed.

### Plaintiff's February 2021 Disputes

30. On February 1, 2021, Plaintiff again sent written correspondences to TransUnion and Experian disputing the inaccurate reporting of the subject account.

31. Plaintiff's disputes to Defendants stated, in pertinent part:

4

> I checked my account profile on 2-1-21 and it stated that my December 31st Payment was Late. However, that is ABSOLUTELY Incorrect because I just made a Payment On December 30th and January 21st in the amount of $258.17 [each] which is what the website said I owed [Net Credit]. . .PLEASE SEND PROOF OF THE INVESTIGATION AND ANY DOCUMENTS THAT ARE RECEIVED FROM NET CREDIT.

32. On February 24, 2021, Plaintiff received an email communication from Net Credit stating:

> As required by law, we have reviewed our account records. During our investigation, we determined that we reported inaccurate information to the credit reporting agency. We have corrected our records, contacted the credit reporting agency, and furnished the corrected information to them. Please allow 30 days for the corrected information to reflect on your credit report.

33. On March 26, 2021, Experian mailed Plaintiff correspondence stating that "We have previously processed this dispute and the credit grantor has verified its accuracy."

34. At some point in February 2021, TransUnion called Plaintiff and advised that Net Credit acknowledged some errors and had been deleting information from your credit reports.

### Defendants' Current Credit Status

35. Extremely frustrated by Defendants' behavior, Plaintiff filed complaints against Experian, TransUnion, and Net Credit with the Consumer Federal Protection Bureau ("CFPB"), currently still under investigation.

36. Until this day, the vast majority of the disputed information remains on Plaintiff's TransUnion and Experian credit reports.

37. Specifically, Defendants are still reporting the subject account with several late payments.

### DAMAGES

38. Plaintiff has always maintained good credit and the inaccurate information contained in her credit files has caused significant damages.

39. Specifically, as a result of Defendants' conduct, Plaintiff's credit score dropped nearly 100 points since she began disputing the inaccurate information on her credit reports.

5

40. Moreover, Plaintiff was denied a Small Business Association ("SBA") loan because of the inaccurate information reporting on her credit reports.

41. Defendants' reckless indifference relating to the inaccurate reporting of the subject account has frustrated Plaintiff's ability to control her credit score and her ability to benefit from the great credit history she has built over the years.

42. The inaccurate reporting of subject account had significant adverse effects on Plaintiff's credit rating and her ability to obtain credit because it created a false impression that Plaintiff had late payments on the subject account, rendering Plaintiff a high-risk consumer and damaging her creditworthiness.

43. As a result of Defendants' conduct, Plaintiff has suffered various types of damages as set forth herein, including specifically, drop in credit score, humiliation, out-of-pocket expenses associated with sending disputes, the loss of credit opportunity, countless time expended submitting disputes, time expended monitoring her credit files, mental anguish, and emotional distress.

44. Due to Defendants' refusal to correct the reporting of the subject account, Plaintiff was forced to retain counsel and file this case, thus incurring attorney's fees and costs.

### COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST TRANS UNION)

45. Plaintiff restates and realleges paragraphs 1 through 44 as fully set forth herein.

46. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

47. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

48. At all times relevant, the above-mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

49. At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

50. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

51. The FCRA requires credit reporting agencies to implement procedures and systems to promote accurate credit reporting.

52. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

53. Plaintiff provided TransUnion with all relevant information and documentation in her disputes to support her contention that that the subject account was reporting inaccurately.

54. A cursory review of the relevant documents submitted by Plaintiff would have confirmed that TransUnion was erroneously reporting the subject account as having late payments.

55. TransUnion failed to conduct any meaningful investigation into Plaintiff's disputes. Instead, it continued to blindly report the false information provided to it by Net Credit.

56. TransUnion violated 15 U.S.C. §1681i(a)(1)(A) by failing to respond to Plaintiff's dispute within 30 days of receiving Plaintiff's dispute.

57. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, TransUnion prepared patently false, incomplete, and materially misleading consumer reports concerning Plaintiff.

58. TransUnion failed to follow reasonable procedures to assure maximum possible accuracy by reporting the subject had late payments.

59. TransUnion should have implemented procedures and safeguards to avoid the duplicate reporting of the same account.

60. TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the disputed information in Plaintiff's credit file.

61. Had TransUnion taken any steps to investigate Plaintiff's valid dispute, it would have determined that the subject account was erroneously reporting as having late payments.

62. Upon information and belief, TransUnion took no steps to determine whether the information Net Credit was reporting was accurate and reliable. Instead, TransUnion blindly reported any information that Net Credit was reporting with no regard to its accuracy.

63. At very minimum, TransUnion should have requested that Net Credit provide proof that its reporting was accurate. Instead, TransUnion continued to recklessly report false and unreliable information regarding the subject account.

64. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide adequate notification of Plaintiff's dispute to Net Credit. Upon information and belief, TransUnion also failed to include all relevant information as part of the notice to Net Credit regarding Plaintiff's disputes that TransUnion received from Plaintiff.

65. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

66. TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that were the subject of Plaintiff's disputes.

67. TransUnion violated 15 U.S.C. §1681c(f) by failing to notate that Plaintiff disputed the reporting of the subject account. TransUnion is required to notate each account that a consumer disputes as "disputed" in each consumer report that includes the disputed information.

68. TransUnion knew that the inaccurate reporting of the subject account as having late payments would have a significant adverse effect on Plaintiff's credit worthiness and ability to obtain credit.

69. The FCRA requires that credit reporting agencies implement procedures and systems to promote accurate credit reporting.

70. Despite actual knowledge that Plaintiff's credit file contained erroneous information, TransUnion readily furnished Plaintiff's inaccurate, incomplete, and misleading reports to one or more third parties, thereby misrepresenting facts about Plaintiff and Plaintiff's creditworthiness.

71. By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

72. It is TransUnion's regular business practices to repeatedly report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

73. TransUnion's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit file and reporting Plaintiff's credit information accurately and completely.

74. TransUnion has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such

files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

75. As stated above, Plaintiff was significantly harmed by TransUnion's conduct.

**WHEREFORE,** Plaintiff respectfully prays this Honorable Court for the following relief:

a. Finding that the practices complained of herein are unlawful and violate the FCRA;

b. Ordering TransUnion to delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Awarding Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations pursuant to 15 U.S.C. §1681n;

e. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n;

f. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EXPERIAN)

76. Plaintiff restates and realleges paragraphs 1 through 44 as fully set forth herein.

77. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

78. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

79. At all times relevant, the above-mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

80. At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

81. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

82. The FCRA requires credit reporting agencies to implement procedures and systems to promote accurate credit reporting.

83. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

84. Plaintiff provided Experian with all relevant information and documentation in her disputes to support her contention that that the subject account was reporting inaccurately.

85. A cursory review of the relevant documents submitted by Plaintiff would have confirmed that Experian was erroneously reporting the subject account as having late payments.

86. Experian failed to conduct any meaningful investigation into Plaintiff's dispute. Instead, it continued to blindly report the false information provided to it by Net Credit.

87. Experian violated 15 U.S.C. §1681i(a)(1)(A) by failing to respond to Plaintiff's dispute within 30 days of receiving Plaintiff's dispute.

88. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it

furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false, incomplete, and materially misleading consumer reports concerning Plaintiff.

89. Experian failed to follow reasonable procedures to assure maximum possible accuracy by reporting the subject account as having late payments.

90. Experian should have implemented procedures and safeguards to avoid the inaccurate reporting of the subject account.

91. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the disputed information in Plaintiff's credit file.

92. Had Experian taken any steps to investigate Plaintiff's valid disputes, it would have determined that the subject account was erroneously reporting as having late payments.

93. Upon information and belief, Experian took no steps to determine whether the information Net Credit was reporting was accurate and reliable. Instead, Experian blindly reported any information that Net Credit was reporting with no regard to its accuracy.

94. At very minimum, Experian should have requested that Net Credit provide proof that its reporting was accurate. Instead, Experian continued to recklessly report false and unreliable information regarding the subject account.

95. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide adequate notification of Plaintiff's dispute to Net Credit. Upon information and belief, Experian also failed to include all relevant information as part of the notice to Net Credit regarding Plaintiff's disputes that Experian received from Plaintiff.

96. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that they received from Plaintiff with regard to the subject account.

97. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

98. Experian violated 15 U.S.C. §1681c(f) by failing to notate that Plaintiff disputed the reporting of the subject account. Experian is required to notate each account that a consumer disputes as "disputed" in each consumer report that includes the disputed information.

99. Experian knew that the inaccurate reporting of the subject account as delinquent would have a significant adverse effect on Plaintiff's credit worthiness and ability to obtain credit.

100. The FCRA requires that credit reporting agencies implement procedures and systems to promote accurate credit reporting.

101. Despite actual knowledge that Plaintiff's credit file contained erroneous information, Experian readily furnished Plaintiff's inaccurate, incomplete, and misleading reports to one or more third parties, thereby misrepresenting facts about Plaintiff and Plaintiff's creditworthiness.

102. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard in their duties to report accurate and complete consumer credit information.

103. It is Experian's regular business practice to repeatedly report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

104. Experian's non-compliance with the requirements of the FCRA are indicative of the reckless, willful, and wanton nature of their conduct in maintaining Plaintiff's credit file and reporting Plaintiff's credit information accurately and completely.

105. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such

files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

106. As stated above, Plaintiff was significantly harmed by Experian's conduct.

**WHEREFORE**, Plaintiff respectfully prays this Honorable Court for the following relief:

a. Finding that the practices complained of herein are unlawful and violate the FCRA;

b. Ordering Experian to delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Awarding Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations pursuant to 15 U.S.C. §1681n;

e. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n;

f. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 26, 2021                                             Respectfully Submitted,

/s/ *Victor T. Metroff*
Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
Phone: (630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com